**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grace P. Thompson,<br><br>    Plaintiff,<br><br>vs.<br><br>The State of Arizona; Coconino County; City of Flagstaff; Superior Court of Coconino County; and Deborah Young,<br><br>    Defendants. | No. CV-10-8001-PCT-DGC<br><br>**ORDER** |

Plaintiff commenced this action by filing a pro se complaint against Defendants alleging that the administration of a process server examination violated state and federal law and Plaintiff's civil rights. Doc. 1. Defendants filed motions to dismiss the amended complaint (Doc. 9) pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure. Docs. 10, 13. Plaintiff responded by filing a motion for voluntary dismissal without prejudice under Rule 41(a)(2). Doc. 15. Defendants object to a dismissal without prejudice. Docs. 16, 17.

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). When deciding a motion to dismiss under Rule 41(a)(2), "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United*

*States*, 100 F.3d 94, 96 (9th Cir. 1996). Plain legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id.* at 97. "[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Id.* at 96; *see Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). The district court may also consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

Plaintiff believes she has meritorious claims. She seeks a voluntary dismissal on the grounds that she filed this action with the intent of obtaining legal counsel but has been unable to do so, that she is without the legal resources and knowledge necessary to prosecute the case, and that she cannot financially or emotionally proceed with the case pro se. Doc. 15. Defendants have not shown that they will suffer plain legal prejudice as a result of dismissal without prejudice. Docs. 16, 17. The Court finds that dismissal with prejudice would be an unduly harsh result. The Court will therefore grant Plaintiff's motion and dismiss this action without prejudice.

**IT IS ORDERED:**

1. Plaintiff's motion for voluntary dismissal (Doc. 15) is **granted**.
2. This action is **dismissed** without prejudice pursuant to Rule 41(a)(2).
3. Defendants' motions to dismiss (Docs. 10, 13) are **denied** as moot.
4. The Clerk is directed to enter judgment accordingly.

DATED this 26th day of August, 2010.

David G. Campbell
United States District Judge